**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| FRANKY VASQUEZ, | § § | |
| Petitioner, | § § | |
| v. | § | No. C-08-cv-66 |
| | § | |
| UNITED STATES OF AMERICA, | § § | |
| Respondent. | § | |

********************

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § | |
| v. | § § | No. C-03-cr-222 |
| FRANKIE VASQUEZ, | § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER GIVING
<u>NOTICE TO MOVANT OF RECHARACTERIZATION</u>**

Frankie Vasquez ("Vasquez")[1] was sentenced by United States District Judge Hayden Head on December 18, 2003. (<u>See</u> D.E. 16.) Final judgment was entered on the same date. (D.E. 17.) Vasquez did not appeal and has not filed any post-conviction motions.

On March 3, 2008, the Clerk received a document from Vasquez titled as a petition for writ of habeas corpus, which was docketed as a petition pursuant to 28 U.S.C. § 2241.

---

[1] Although his petition in Case No. C–08-cv-66 spells his first name "Franky," it also references his criminal case number, in which he was charged and convicted as "Frankie Vasquez." The latter name is used herein.

(No. C-08-cv-66, D.E. 1.) In addition to other claims, which are being addressed by separate Memorandum and Recommendation, the document also contains a number of challenges to Vasquez's conviction and sentence in United States v. Frankie Vasquez, No. C-03-cr-222.

Specifically, Vasquez claims that (1) his "compulsory process rights were violated by the wording and submission of the actual complaint," a possible reference to his criminal indictment; (2) the prosecution withheld exculpatory evidence and did not provide proper discovery; (3) the prosecution lied to him regarding the chain of custody of certain evidence against him; and (4) he was forced to plead guilty. (C.A. No. C-08-66, D.E. 1 at 2-3.) These claims are properly construed as a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

Because his petition was not styled as a 28 U.S.C. § 2255 motion and nowhere references that statute, however, it will not be construed as such until Vasquez is given the warnings discussed by the Supreme Court in Castro v. United States, 540 U.S. 375 (2003). The Supreme Court's decision in Castro held that a district court should not recharacterize a *pro se* post-conviction motion as a first § 2255 motion, in the absence of adequate notice and warning to the defendant as to the consequences of recharacterization. 540 U.S. at 383.

Pursuant to Castro, therefore, Vasquez is hereby advised that the claims raised in his petition filed March 3, 2008 that are related to his conviction and sentence in No. C-03-cr-222 are going to be construed as his stated grounds for a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He is further advised that, if the district court characterizes his motion as a § 2255 motion, he may be prohibited from asserting

additional § 2255 claims in the future and from filing any subsequent § 2255 motion. See 28 U.S.C. § 2255 (prohibiting the filing of a "second or successive motion" unless certain procedural steps are taken and certain prerequisites are met). That is, before he will be permitted to file a second or successive § 2255 motion before the district court, Vasquez will be required to seek, and acquire, the approval of the Fifth Circuit and will have to establish certain grounds in order to obtain that approval.[2] See <u>Tolliver v. Dobre</u>, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

In light of the foregoing, if Vasquez wishes to supplement his petition with additional grounds or additional details, he should use the forms sent with this Order to do so. Whether he wishes to supplement, or wishes to voluntarily withdraw his motion, he must do so within 30 days after the entry of this Order. If he fails to do so, his petition will be construed as a § 2255 motion asserting only the claims raised in his petition.

---

[2] The pertinent portion of § 2255 states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>>
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

**CONCLUSION**

The claims in Vasquez's petition, filed March 3, 2008 in Case No. C-08-cv-66 that relate to his criminal conviction and sentence are hereby severed from that civil action and the Clerk is directed to file both this Order and that document (C.A. C-08-66, D.E. 1) in Vasquez's criminal case. Vasquez is notified that his petition filed March 3, 2008 is going to be construed as a motion pursuant to 28 U.S.C. § 2255. The Clerk is directed to send Vasquez a set of blank 28 U.S.C. § 2255 forms. Vasquez has 30 days to supplement his motion with additional grounds and detail, or to inform the undersigned or the district court that he wants to voluntarily withdraw his motion. If he fails to supplement his petition or withdraw it within 30 days, it will be construed as a § 2255 motion and a corresponding civil case will be opened at that time.

ORDERED this 22nd day of April, 2008.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE