**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|    Plaintiff/Respondent, | § | |
| v. | § | No. C-03-cr-222 |
| | § | C.A. No. C-08-186 |
| FRANKIE VASQUEZ, | § | |
| | § | |
|    Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER
DISMISSING WITHOUT PREJUDICE CLAIMS
UNRELATED TO FEDERAL CONVICTION OR SENTENCE,
ORDER GRANTING GOVERNMENT MOTION
FOR EXTENSION OF TIME TO RESPOND, AND
ORDER DENYING AS MOOT MOTION TO PROCEED *IN FORMA PAUPERIS***

Frankie Vasquez ("Vasquez") was sentenced by this Court on December 18, 2003, and judgment was entered on December 24, 2003. (D.E. 16, 17.) On March 3, 2008, he filed a civil case that included a number of claims challenging his conviction or sentence herein. By Order entered April 22, 2008 (D.E. 18), United States Magistrate Judge B. Janice Ellington gave notice to Vasquez that his March 3, 2008 filing would be construed as a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, and also gave the warnings required by Castro v. United States, 540 U.S. 375 (2003). The Clerk was directed to mail Vasquez blank § 2255 forms, and the order gave Vasquez thirty days to take any action he considered appropriate, including withdrawing his motion or supplementing it with any additional claims. (D.E. 18.) His response was required to be filed not later than May 22, 2008.

1

When Vasquez did not file any response, the Court construed all claims challenging his conviction or sentence as the grounds for a motion pursuant to 28 U.S.C. § 2255, and ordered the government to respond. (D.E. 20.) That Order was entered June 9, 2008.

On July 24, 2008, the Clerk received from Vasquez three documents. The first is titled as a "motion for Vacation of Sentence" and has been properly docketed by the Clerk as a supplement to his § 2255 motion. (D.E. 22.)

The second utilizes forms for filing a motion pursuant to 28 U.S.C. § 2254, but elaborates on the claims raised in Docket Entry 22. (D.E. 23.) Specifically, it contains claims challenging his conviction and sentence in the instant federal case, but also contains allegations regarding his treatment while incarcerated. For example, he alleges that he has been physically abused and beaten by unidentified deputies and correctional officers, that he has been denied his medication, and that he has been denied access to the courts.

The third filing by Vasquez (D.E. 24) is a motion to proceed *in forma pauperis*.

## I.     Motion Docketed as a § 2254 Motion

Although Vasquez utilizes forms for filing a habeas corpus petition pursuant to 28 U.S.C. § 2254 motion, the allegations in his document either: (1) challenge his federal conviction and sentence; or (2) raise allegations of mistreatment while incarcerated. Both Docket Entries 22 and 23 contain both types of allegations. Essentially, Docket Entry 23 elaborates on the basic claims set forth in Docket Entry 22.

Vasquez raised similar allegations is his initial filing in C.A. No. C-08-66. As set forth in Magistrate Judge Ellington's Memorandum and Recommendations in that case (D.E.

6), adopted by this Court (D.E. 7), Vasquez's allegations of constitutional violations while in prison must be raised in a civil complaint. (See C.A. No. C-08-66, D.E. 6 at 2-4.) As with his prior filing, Vasquez does not identify where these alleged violations occurred. Complaints such as those he raises, to the extent that they are cognizable, should be brought in the district where a substantial part of the events giving rise to the claim arose (which is where he was incarcerated at the time of the alleged civil rights violations), or where any of the defendants reside.[1] See 28 U.S.C. § 1391(b). His petition nowhere alleges that any of these violations occurred with the jurisdiction of the Southern District of Texas or that any of the (unnamed) defendants reside within the Southern District of Texas.

Instead, Vasquez is currently incarcerated in Herlong, California. Thus, to the extent he wants to file a civil rights action alleging that violations have occurred or are occurring at his current place of incarceration, any civil rights action should be filed in federal court in the proper district in California.

Accordingly, Vasquez's allegations of civil rights violations contained in Docket Entries 22 and 23 are again DISMISSED WITHOUT PREJUDICE to his ability to raise them in a civil complaint filed in the proper court.

To the extent Docket Entry 23 contains additional challenges to Vasquez's federal

---

[1] Because he appears to be asserting a civil rights claim against federal officials, Vasquez's claim should probably be filed as a Bivens action, based on the case of Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). A Bivens action is the federal counterpart of § 1983 and "extends the protections afforded by § 1983 to parties injured by federal actors not liable under § 1983." Abate v. Southern Pac. Transp. Co., 993 F.2d 107, 110 n.14 (5th Cir. 1990).

conviction and sentence, however, the Clerk is directed to docket the document as a second supplement to his § 2255 motion.

## II.     Motion to Proceed *in forma pauperis*

Vasquez's motion to proceed *in forma pauperis* is unnecessary. For purposes of filing fees, a motion filed under § 2255 is essentially a continuation of the defendant's criminal case. See <u>United States v. Cole</u>, 101 F.3d 1076 (5th Cir. 1996) (characterizing § 2255 motions and indicating that it was not a civil action for purposes of the Prison Litigation Reform Act). In this district, no filing fee is required to file such a motion. Accordingly, there is no need for *in forma pauperis* status in this matter. For the reasons set forth above, Vasquez's motion for *in forma pauperis* status (D.E. 24) is DENIED AS MOOT.

## III.    United States' Motion for Extension

On July 30, 2008, the United States filed a motion seeking a thirty-day extension of time to respond to Vasquez's § 2255 motion. (D.E. 32.) That motion is GRANTED.

## **CONCLUSION**

As set forth above, the Clerk is hereby directed to docket Docket Entry 23 as a second supplement to Vasquez's § 2255 motion. To the extent that Docket Entries 22 and 23 contain claims regarding alleged constitutional violations during Vasquez's incarceration (as opposed to challenges to his conviction or sentence in this federal criminal case), those claims are DISMISSED WITHOUT PREJUDICE. If Vasquez wishes to pursue them, he should file an appropriate civil complaint in the proper court setting forth those allegations.

Additionally, Vasquez's motion to proceed *in forma pauperis* (D.E. 24) is DENIED

because it is unnecessary. Finally, the government's motion for extension of time to respond (D.E. 32) is GRANTED.

It is so ORDERED this 14th day of November, 2008.

_____
HAYDEN HEAD
CHIEF JUDGE