IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-03-222 |
| | § | C.A. No. C-08-186 |
| FRANKIE VASQUEZ, | § | |
|     Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING
RESPONDENT'S MOTION TO DISMISS,
DENYING MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE
AND DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Frankie Vasquez's ("Vasquez") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 33),[1] received by the Clerk on March 3, 2008 and deemed filed as of February 21, 2008.[2] The Court ordered the government to respond, and the government filed a combined response, motion to dismiss and motion for summary judgment on September 3, 2008. (D.E. 33-35.) To date, Vasquez has not filed a reply.

For the reasons set forth herein, the Court GRANTS the government's motion to dismiss because Vasquez's motion is time-barred. It therefore DISMISSES his § 2255

---

[1] Dockets entries refer to the criminal case.

[2] Vasquez's motion was received by the Clerk of this Court on March 3, 2008. It was executed, however, on February 21, 2008, and Vasquez has certified that he delivered the motion to prison authorities for mailing on the same date. A motion by a *pro se* prisoner is deemed filed at the time it is provided to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988); see also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992)(providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings). Thus, the Court deems the motion filed as of the earlier date.

1

motion and also DENIES him a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. FACTS AND PROCEEDINGS

Vasquez was charged in a single-count information on September 25, 2003, and waived his right to be indicted by the Grand Jury. (D.E. 7-9.) He pleaded guilty to the information pursuant to a written plea agreement with the United States. (D.E. 8, 10.) Vasquez was sentenced on December 18, 2003 and judgment was entered against him on December 24, 2003. (D.E. 16, 17.) He did not appeal, and did not file any other post-conviction motions until the instant § 2255 motion. (D.E. 19.) His motion is deemed filed as of February 21, 2008. See supra note 2.

## III. MOVANT'S ALLEGATIONS

In his original filing (the one construed by this Court as a § 2255 motion), Vasquez raised a number of claims that challenge his conviction and sentence in this criminal case. Specifically, Vasquez claims that (1) his "compulsory process rights were violated by the wording and submission of the actual complaint," a possible reference to his criminal information; (2) the prosecution withheld exculpatory evidence and did not provide proper discovery; (3) the prosecution lied to him regarding the chain of custody of certain evidence against him; and (4) he was forced to plead guilty. (D.E. 19.)

After the Court ordered the government to respond, but before the response was due, Vasquez filed three additional motions. (D.E. 22, 23, 24.). As set forth in the Court's prior order addressing them, to the extent either D.E. 22 or 23 contains additional federal claims,

the Court construes them as supplements to his § 2255 motion. (D.E. 36.) In addition to the claims set forth in the preceding paragraph, these two supplements also include allegations that: (1) unspecified evidence in his case was seized in violation of the Fourth Amendment; and (2) the chain of custody for the evidence against him was "broken more than once." (D.E. 22 at 1.)

## IV.  DISCUSSION

**A.     Statute of Limitation for Motions Pursuant to 28 U.S.C. § 2255 Motion**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(1).  The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired.  Clay v. United States, 537 U.S. 522, 532 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

**B.     Statute of Limitation As Applied to Vasquez's § 2255 Motion**

As previously noted, Vasquez did not appeal. Thus, his conviction became final when the time for filing an appeal expired.  Judgment in this case was entered on December 24, 2003. (D.E. 17.)  A defendant must file a notice of appeal from a criminal judgment not later than ten days after entry of judgment. Fed. R. App. P.  4(b).  As calculated under Fed. R. App. P. 26, those ten days exclude intermediate Saturdays, Sundays and legal holidays. Calculated under Rule 26, ten days after December 24, 2003 was January 9, 2004.  Vasquez's conviction therefore became final on January 9, 2004.

He had one year from that date, or until January 9, 2005 to file a § 2255 motion.

Because he did not file his motion until March 3, 2008, his motion was filed more than three years late. Accordingly, it is untimely, utilizing § 2255(1).

The statute also provides certain alternative dates upon which the limitations period may begin, however. Specifically, it provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Vasquez does not admit that his § 2255 motion is untimely, nor does he explicitly argue for tolling. Construed liberally, however, Vasquez's motion could be arguing for the application of subsection (2) to his case. That is, he makes a general claim that, throughout his trial and court proceedings, he was denied access to the courts and that, "while incarcerated, he hasn't been allowed to even file a complaint or tort claim. He has also been denied access to the Law Library during his court proceedings." (D.E. 23 at 4.) This subsection is inapplicable in this case, however, because Vasquez has not provided any evidence, other than his bare allegations, that he was denied access to the courts or the law library. He also has failed to state with any specificity how he was denied such access or

who denied him such access. It is also worth noting that his motion is not slightly late, but more than *three years* late. It is difficult to believe that Vasquez was denied access to the courts for the entire year before his motion was due, as well as the entire three-year period before he actually filed his untimely motion.

Additionally, not only does Vasquez not ask for equitable tolling, but neither Vasquez's motion nor the record in this case provides any facts that would support the doctrine's application. While the limitations period for § 2255 motions is not considered a jurisdictional bar, it is subject to equitable tolling "only 'in rare and exceptional cases.'" United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002), cert. denied, 123 S. Ct. 2630 (2003) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Vasquez's motion does not offer any basis at all for equitable tolling, let alone establish that his is the rare or exceptional case where such tolling is required.

In short, Vasquez has not shown that he is entitled to any type of tolling, and his motion is untimely. For these reasons, the government's motion to dismiss is GRANTED and Vasquez's § 2255 motion is DENIED as time-barred.

## C.    Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Vasquez has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether

the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right ***and*** that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Vasquez has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is, reasonable jurists could not disagree that his motion is time-barred. Accordingly, Vasquez is not entitled to a COA.

## V. CONCLUSION

For the foregoing reasons, the government's motion to dismiss (D.E. 33) is GRANTED, and Vasquez's motion to vacate pursuant to 28 U.S.C. § 2255 (D.E. 19) is DISMISSED as time-barred. Additionally, Vasquez is DENIED a Certificate of Appealability.

ORDERED this 30th day of December, 2008.

_____
HAYDEN HEAD
CHIEF JUDGE