JUL 2 2 2009

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| v. | § | No. C-03-cr-222 |
| | § | |
| FRANKIE VASQUEZ, | § | |
| | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION AND
## ORDER DENYING MOTION FOR TRANSFER

Pending before the Court and addressed herein is Frankie Vasquez's Motion for Transfer, received by the Clerk on July 6, 2009. (D.E. 39.) For the reasons set forth herein, his motion is DENIED.

## I. BACKGROUND

Frankie Vasquez ("Vasquez") was sentenced by this Court on December 18, 2003, and judgment was entered on December 24, 2003. (D.E. 16, 17.) On March 3, 2008, he filed a civil case that included a number of claims challenging his conviction or sentence herein, as well as claims alleging that his constitutional rights were being violated while in prison. (See D.E. 19.)

The claims challenging the instant federal conviction and sentence were construed as a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. (D.E. 18, 20, 36.) After obtaining a response from the United States, the Court denied the § 2255 motion

1

in an order and final judgment entered December 30, 2008. (D.E. 37, 38.) Vasquez did not appeal.

As to the remaining allegations in his civil case (No. 2:08-cv-66), United States Magistrate Judge B. Janice Ellington issued a Memorandum and Recommendation to Dismiss the claims. The Magistrate Judge noted that Vasquez had not styled his action as a civil rights complaint, that it had not been docketed as such, and that he had not paid the appropriate filing fee or moved to proceed *in forma pauperis*. (No. 2:08-cv-66, D.E. 6.) Moreover, she further noted that, to the extent his claims were cognizable, they should be brought in the district where a substantial part of the events giving rise to the claim arose (his place of incarceration at the time of the alleged violations) or where any of the defendants reside. (Id. at 3 (citing 28 U.S.C. § 1391(b)).) Because his filing did not indicate that any of the violations occurred within the Southern District of Texas or that any of the unnamed defendants resided within the Southern District of Texas, dismissal was warranted. (Id. at 3-4.)

This Court adopted the Magistrate Judge's Memorandum and Recommendation and dismissed the case without prejudice on July 23, 2008. (No. 2:08-cv-66, D.E. 7, 8.)

## II. MOTION FOR TRANSFER

On July 6, 2009, the Clerk received from Vasquez a *pro se* motion referencing his criminal case number. Vasquez has titled his brief motion as a "Request for order for transfer to new facility or different prison: Motion for Transfer." (D.E. 39.) In his brief

motion, Vasquez requests that the Court order that he be transferred from his current place of incarceration at S.C.I. Herlong in California to a different prison or institution. In support of his request, he alleges that he has had health problems which are not being treated and that he has been severely beaten by jail staff. (D.E. 39 at 1.)

As an initial matter, the Court cannot order Vasquez transferred to a different institution as relief in his criminal case. The Bureau of Prisons has the sole authority to specify the place of incarceration for federal prisoners in its custody. See United States v. Voda, 994 F.2d 149, 151-52 (5th Cir. 1993) ("only the Bureau of Prisons has the actual authority to designate the place of incarceration" because "the executive branch and not the judicial branch is responsible for administering sentences"); 18 U.S.C. § 3621(b) (for any person sentenced to a term of imprisonment, the "Bureau of Prisons shall designate the place of the prisoner's imprisonment").

Moreover, as noted, Vasquez raised similar allegations is his initial filing in C.A. No. C-08-66 and he also raised similar allegations in supplemental filings in his § 2255 proceedings. Again, Vasquez's allegations of constitutional violations while in prison must be raised in a civil complaint. (See C.A. No. C-08-66, D.E. 6 at 2-4.) He appears to be claiming that the constitutional violations arose in Herlong, California. Thus, he should file any complaint alleging a violation of his civil rights action in federal court in the proper federal district court in California.

## III. CONCLUSION

For the foregoing reasons, Vasquez's Motion for Transfer (D.E. 39) is DENIED. His allegations of civil rights violations are DISMISSED WITHOUT PREJUDICE to his ability to raise them in a civil complaint filed in the proper court.

It is so ORDERED this 22 day of July, 2009.

HAYDEN HEAD
CHIEF JUDGE